UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
GENERAL ELECTRIC COMPANY, :

Plaintiff/Counterclaim Defendant, :

v. :

APR ENERGY PLC, :

Defendant/Counterclaim Plaintiff. :
--------------------------------------------------------------X
APR ENERGY HOLDINGS LIMITED, POWER RENTAL OP CO AUSTRALIA LLC, AND POWER RENTAL ASSET CO TWO LLC, :

Third-Party Plaintiffs, :

v. :

GENERAL ELECTRIC COMPANY, :

Third-Party Defendant. :
--------------------------------------------------------------X

**MEMORANDUM AND ORDER**

19-CV-3472 (VM) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

General Electric Company ("GE") commenced this action asserting breach of the October 28, 2013 Master Supply Agreement (the "MSA") against APR Energy PLC, which, together with third-party plaintiffs APR Energy Holdings Limited, Power Rental Op Co Australia LLC and Power Rental Asset Co Two LLC (collectively "APR"), asserted breach of the October 22, 2013 Business Transfer Agreement and the MSA against GE. Before the Court is GE's motion, made pursuant to Fed. R. Civ. P. 37, the Local Civil Rules of this court and "this Court's July 21, 2020 Order (Dkt. No. 85), for an order compelling APR "to produce twenty-eight (28) documents pertaining to related claims filed by APR against Baker & McKenzie in

*APR Energy LLC v. Baker & McKenzie*, No. 2017-CA-05595, Fla. Cir. Ct. (Aug. 31, 2017), and the resolution thereof." APR opposes the motion.

**GE'S JANUARY 7, 2020 MOTION TO COMPEL**

On January 7, 2020 GE made a motion to compel APR "to produce communications, information, and documents concerning related claims filed by APR against Baker & McKenzie in *APR Energy LLC v. Baker & McKenzie*, No. 2017-CA-05595, Fla. Cir. Ct. (Aug 31, 2017), and the resolution thereof." Docket Entry No. 39. GE argued in its memorandum of law in support of the motion that: (a) "APR voluntarily waived privilege by publicizing Baker & McKenzie's guidance to the world"; (b) "APR waived privilege by putting Baker & McKenzie's advice at issue in the Baker McKenzie litigation and in this action"; (c) "communications and agreements between adverse parties are not privileged"; and (d) "the relevant considerations weigh in GE's favor." In its motion, GE requested APR's responses to its discovery request Nos. 1, 2 and 3 and interrogatory No. 11, to each of which APR objected based on, inter alia, "attorney-client privilege, work product doctrine [and] mediation privilege." APR opposed the motion, arguing that: (i) "GE seeks documents properly excluded from the scope of discovery"; (ii) "APR has done nothing to create an at-issue waiver in this case"; (iii) "the law does not allow GE to put APR's privileged information 'at issue' unilaterally"; (iv) "the documents GE seeks lack the necessary relevance to warrant disclosure"; (v) "applying Florida and Illinois law, any at-issue waiver in the Florida suit or Illinois mediation does not justify subject matter waiver in this case"; and (vi) "even under New York law, any privileged documents disclosed in the Florida suit do not justify the production of the withheld documents." In reply, GE argued: (1) "APR fails to dispute that it voluntarily waived privilege by publicizing Baker & McKenzie's guidance to the world"; (2) "APR cannot avoid that it also waived privilege by putting Baker &

McKenzie's advice at issue in the Baker McKenzie litigation and in this action"; (3) "APR does not dispute that communications between adverse parties are discoverable"; (4) "the requested documents and information are plainly relevant"; and (5) "APR has not attempted to show undue burden or expense."

On April 10, 2020, the Court noted that APR asserted in its opposition to GE's motion that it is withholding certain documents based on the grounds of various privileges, but no privilege log was submitted by the parties, and directed APR to file its privilege log and file under seal the documents asserted to be privileged for the Court's in camera review, on or before April 15, 2020. Docket Entry No. 64. On April 15, 2020, APR filed its privilege log, dated April 15, 2020, consisting of 1,948 pages and filed under seal "30 pages of documents for the Court to review *in camera*. These documents are proportionally representative of the documents over which APR has claimed privilege in its privilege log."

On April 29, 2020, the Court: (1) found that "GE does not challenge APR's privilege log"; (2) overruled APR's objections to GE's Document Request Nos. 1, 2 and 3 based on the ground of relevancy; (3) overruled APR's objections to GE's Interrogatory No. 11; (4) overruled APR's objections to GE's Document Request Nos. 1, 2 and 3 based on a mediation privilege because "no mediation privilege exists under New York law, which governs this action and the instant privilege dispute"; (5) directed APR to disclose the settlement agreement between APR and Baker McKenzie and the settlement amount because they are not privileged information; (6) rejected GE's assertion that unidentified communications between APR and Baker McKenzie "regarding legal malpractice claims are communications between adverse parties over which there is no privilege"; (7) sustained "APR's objections to GE's Document Request Nos. 1, 2 and 3 based on the work-product protection" because "GE does not challenge work-product

protection asserted by APR in its privilege log, as it does not mention work-product protection or make any arguments based on it in its memorandum of law"; (8) found that "GE does not contest otherwise the application of the attorney-client privilege asserted by APR" but argues that APR waived the privilege by placing Baker McKenzie's advice at issue in the Florida litigation and this action"; and (9) sustained APR's objections to GE's Document Request Nos. 1 , 2 and 3, "based on the attorney-client privilege" because APR has not "placed privileged matter at issue in this action." Docket Entry No. 72.

**GE'S JULY 17, 2020 LETTER-MOTION**

GE requested a pre-motion conference in connection with its motion to compel APR "to comply with the Court's April 29, 2020 Order partially granting GE's Motion to Compel." Docket Entry No. 83. GE asserted that APR's filing "of its privilege log, which contained 12,688 entries, with the Court" in response to the Court's April 10, 2020 order, "was the first time the log was shared with GE. . . . Some documents were identified as being withheld for multiple privilege bases, such as both the mediation privilege and the attorney client privilege." Although on "May 22, 2020, APR produced documents that had previously been withheld *exclusively* on the basis of mediation privilege[,] APR did not produce 28 documents for which it claimed attorney client and/or work product privilege in addition to mediation privilege."

> GE contends that, in light of this Court's Order denying the existence of a mediation privilege, and because APR waived any attorney-client or attorney work product privilege over the Disputed Documents when it provided them to the third-party mediator, APR has improperly withheld the Disputed Documents. APR claims in response that because the Court's Order only overruled APR's assertion of mediation privilege, but sustained APR's assertion of other privileges, APR is not required to produce the Disputed Documents.

The Court denied GE's request for a pre-motion conference and directed GE to file its motion to compel, limited to the issues raised in its July 17, 2020 letter. See Docket Entry No. 85.

**GE'S JULY 28, 2020 MOTION TO COMPEL**

GE asserts that it "seeks to enforce this Court's April 29, 2020 Order recognizing that 'no mediation privilege exists under New York law.' Dkt. No. 72 at 16 ('Apr. 29 Order'). At issue is APR's refusal to produce, under the guise of privilege and work product protection, twenty-eight (28) documents that APR admits it voluntarily provided to a neutral, third-party mediator." GE maintains that the April 29, 2020 order overruled "APR's objections to GE's Document Request Nos. 1, 2 and 3, based on a mediation privilege" and "APR was therefore ordered to produce documents previously withheld on the basis of mediation privilege." According to GE, the documents requested are relevant because "in one of its counterclaims in this action, APR now claims GE is responsible for the very same loss it has already pinned on, and received significant compensation from, Baker & McKenzie" in APR's Florida litigation against Baker & McKenzie. GE asserts that APR admitted in the Florida litigation "that Baker & McKenzie recommended APR file a security interest in the turbines" and "contended that by contesting the seizure's propriety in Australia, rather than in a separate action in the United Kingdom, APR suffered increased damages." GE maintains that APR asserts in this action that GE "is responsible for the same seizure and resulting damages."

GE argues that: (a) "APR waived any attorney client privilege by providing the disputed documents to the mediator"; (b) "APR waived any work product privilege by providing the disputed documents to the mediator"; and (c) "the relevant considerations weigh in GE's favor." Concerning the waiver of attorney-client privilege, GE asserts that "APR had no reasonable expectation of privacy under the circumstances" and it "knowingly risked disclosure of the Disputed Documents when it brought the Forge Counterclaim in New York action." Moreover, the relationship between APR and the mediator was not sufficiently close such that any

expectation of confidentiality by APR was reasonable, as the mediator was a "third-party neutral." GE contends that APR did not provide the disputed documents to the mediator to obtain informed legal advice or to facilitate communications between APR and its counsel. GE asserts that, by providing the documents at issue to the mediator, APR waived any claim of attorney-client privilege it may have been able to assert over the documents. With respect to the waiver of work product protection, GE asserts that "the mediator was an independent third party whose neutrality remained essential to his role, and courts generally find that material shared with such individuals or entities constitutes a waiver of the work product protection." According to GE, by providing the documents at issue to the mediator, APR waived any purported work product protection. GE contends that "APR has already complied and identified the 28 requested documents" for an in camera review, so "there is no undue burden or expense by similarly providing the documents to GE."

**APR'S OPPOSITION TO THE MOTION**

APR contends that in its June 16, 2020 letter to GE, it "agreed to produce 5 documents on the basis that they did not include privileged information but maintained its defenses of attorney client privilege and/or work product over the remaining 23 documents," and it is the remaining 23 documents that are disputed. APR asserts that "GE's Motion is simply an attempt to broaden the scope of the Court's April 29, 2020 Order" because in that order the Court only rejected APR's assertions of the mediation privilege and "explicitly upheld APR's assertions of attorney client privilege and attorney work product protection."

APR argues that; (A) "APR did not waive privilege by providing the documents at issue to the mediator"; and (B) "the work product doctrine still protects the documents at issue." APR contends that "the Mediation was protected by a statutory mediation privilege which protected

all mediation communications under Illinois law" and, although the Court found that "the mediation privilege does not apply here, APR and Baker McKenzie conducted the mediation in a jurisdiction where it did" and they "entered into a confidentiality agreement governing the Mediation." APR asserts that this shows its "clear intent to maintain the confidentiality of the Disputed Documents." According to APR,

> It was only because of the mediator's central and authoritative role in this privileged and confidential Mediation that APR disclosed the Disputed Documents to the mediator. This disclosure was made with the understanding that, because the Mediation was privileged and confidential, the confidentiality and privilege of the Disputed Documents would be maintained. Such understanding was reasonable. APR and Baker McKenzie did not agree to New York law applying to their Mediation, and they had no expectation that these privileged communications would be sought in a separate action in a completely different jurisdiction. Further, GE's argument that the mediator would need to be a third-party agent of APR to avoid waiver here is misplaced and unreasonable. A mediator is not an outside third-party to a mediation, as would be an accountant, consultant, or talent agency. Indeed, in a mediation, a mediator plays a role similar to that of a judge. So just as it would be unreasonable for the Court to hold that APR would waive privilege over privileged documents by submitting them to the Court for in camera review, it is also unreasonable to assert that APR waived privileged by submitting privileged documents to the mediator during a mediation covered by both a statutory mediation privilege and a confidentiality agreement.

APR asserts that, for similar reasons, it did not waive work product protection because it submitted the documents at issue "to the mediator as part of a mediation protected by both the mediation privilege and a confidentiality agreement," which shows APR's intent and reasonable effort to maintain confidentiality of the disputed documents. "GE's assertion that the mediator would need to be allied in interest or need to share litigation or business objectives in common with APR to maintain work product protection over the Disputed Documents is clearly false on its face," because the mediator conducted the mediation in Illinois and "the mediator was and continues to be governed by the Illinois Uniform Mediation Act, under which the mediator is strictly prohibited from disclosing the Disputed Documents to the parties' adversaries, or any

other third-party." APR maintains that its disclosure of the documents to the mediator did not waive the work product protection.

**GE'S REPLY**

GE acknowledges that APR produced five documents out of 28 requested over which it no longer claims privilege or work product protection, but asserts that "the issue at hand is whether APR's provision of the 23 Disputed Documents to the neutral, third-party mediator waived their alleged attorney client privilege and/or work product protection." GE contends that APR seeks a "'second bite' of the apple as APR's Opposition focuses extensively on APR's alleged reliance on Illinois' statutory mediation privilege," which does not govern APR's claim in this action. APR ignores New York law, which provides that the voluntary disclosure of a privileged communication to a third party generally waives the privilege with a narrow exception where the privileged communications are shared with the client's agent, and APR does not assert that the mediator was its agent. APR relies erroneously on cases involving physician-client privilege and inadvertent disclosure of documents and fails to argue that disclosure to the third-party mediator was made to obtain informed legal advice. GE contends that, although APR had a reasonable expectation of confidentiality over the disputed documents in the Florida litigation, "there was no reasonable expectation that if APR chose to pursue damages based on the same claim against additional parties, such as GE, that the privilege would remain," and APR makes no citation to any authority "for extending the privilege to a new matter once the documents have been disclosed to the third-party mediator." APR relies on cases in which documents were "provided to a mediator in connection with the same litigation, not a separate proceeding" and fails to make citation to any authority for its argument that "a mediator plays a role similar to that of a judge." GE asserts that APR cannot now claim it was ignorant of the risk that the disputed

documents would be relevant in an action against GE over the same turbines, given that APR asserts that GE caused it the same damages as Baker & McKenzie, which makes it "implausible that the thought of bringing a claim against GE was not percolating as APR negotiated the Baker Settlement."

Similarly, APR cannot support its claim of work product protection because APR risked disclosure in a separate matter when it made the voluntary disclosure of privileged materials to a neutral, third-party mediator. GE contends that APR provides no authority for its argument, "that GE's assertion that an allied interest is required is 'clearly false on its face.'" APR offers no justification for how a neutral mediator would be aligned in litigation or business objectives with APR when that mediator was providing the same service to APR's adversary.

## LEGAL STANDARD

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Motions to compel under Fed. R. Civ. P. 37 "are entrusted to the sound discretion of the district court." U.S. v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

> The law of the case doctrine "forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings." *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007). Thus, a failure to raise an issue that could have been raised in an earlier [proceeding] bars a litigant from raising it in a second [proceeding]. *See id.* at 475–76. Further, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks omitted). Compelling reasons to revisit a decision include "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 99–100 (internal quotation marks omitted).
>
> Doe v. East Lyme Bd. of Educ., 962 F.3d 649, 662-63 (2d Cir. 2020).

> *Claiming Privilege or Protecting Trial-Preparation Materials.*
> (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.
>
> Fed. R. Civ. P. 26(b)(5)(A).

**APPLICATION OF LEGAL STANDARD**

APR is correct that the Court "explicitly upheld APR's assertions of attorney client privilege and attorney work product protection" in the Court's April 29, 2020 order. In its April 29, 2020 order, the Court found that "GE does not challenge APR's privilege log" and sustained all APR's "objections to GE's Document Request Nos. 1, 2 and 3, based on the attorney-client privilege" and work-product protection.

At no time did GE: (i) seek reconsideration of the April 29, 2020 order or reargument pursuant to Local Civil Rule 6.3 of this court; (ii) seek relief from the April 29, 2020 order pursuant to Fed. R. Civ. P. 69; or (iii) challenge otherwise the Court's April 29, 2020 order sustaining all APR's "objections to GE's Document Request Nos. 1, 2 and 3, based on the attorney-client privilege" and work-product protection. Although in its July 17, 2020 pre-motion letter, GE asserted that: (1) APR's filing "of its privilege log, which contained 12,688 entries, with the Court" in response to the Court's April 10, 2020 order, "was the first time the log was shared with GE"; and (2) "APR claims in response that because the Court's Order only overruled APR's assertion of mediation privilege, but sustained APR's assertion of other privileges, APR is not required to produce the Disputed Documents," in its July 28, 2020 motion papers, including its reply, GE does not: (a) challenge the APR's privilege log; and (b) mention the Court's sustaining of all APR's "objections to GE's Document Request Nos. 1, 2 and 3, based on

the attorney-client privilege" and work-product protection in the April 29, 2020 order, which APR argued in its opposition already resolved the issue of attorney-client privilege and work product protection.

Despite the requirement of Rule 26 of the Federal Rule of Civil Procedure that, a party who withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, must provide a privilege log, GE made a strategic decision to make its January 7, 2020 motion to compel based on APR's objections in response to its Document Request Nos. 1, 2 and 3, without having APR's privilege log, blindly not knowing what privilege(s) or protection(s) was being asserted by APR with respect to any of the documents APR withheld in response to GE's Document Request Nos. 1, 2 and 3. In fact, GE did not mention APR's privilege log in its January 7, 2020 motion. Although GE's January 7, 2020 motion was fully briefed when the Court ordered APR to file its privilege log on April 10, 2020, and APR filed its privilege log on April 15, 2020, at no time prior to GE's July 17, 2020 letter did GE mention APR's privilege log or raise any issues in connection with it.

GE did not seek permission from the Court to supplement its motion papers after it learned: (a) on April 10, 2020, that the Court ordered APR to file its privilege log; or (b) on April 15, 2020, that APR's privilege log consisting of 1,948 pages "contained 12,688 entries," of which a substantial amount contained assertions of multiple privileges and protections. GE did not mention the absence of APR's privilege log to the Court during the February 20, 2020 conference with the Court (Docket Entry No. 55) or raise, at any time, the issue of APR's failure to provide its privilege log. GE did not mention APR's privilege log or raise any issues in connection with it, including any issues with respect to APR's simultaneous assertions of

multiple privileges and protections with respect to any withheld documents: (i) in the April 23, 2020 joint letter seeking an extension of time to complete discovery (Docket Entry No. 70); (ii) in the May 8, 2020 joint letter seeking an extension of time to complete discovery (Docket Entry No. 74); (iii) during the May 14, 2020 conference with the Court (Docket Entry No. 79); or (iv) in GE's June 18, 2020 letter seeking an extension of the discovery deadline to complete depositions (Docket Entry No. 81).

The Court already determined, in its April 29, 2020 order, that "GE does not challenge APR's privilege log" and sustained all APR's "objections to GE's Document Request Nos. 1, 2 and 3, based on the attorney-client privilege" and work-product protection. GE failed to: (a) address APR's argument that the Court's April 29, 2020 order "explicitly upheld APR's assertions of attorney client privilege and attorney work product protection"; or (b) demonstrate any reason, let alone a compelling reason, to revisit the April 29, 2020 order. See East Lyme Bd. of Educ., 962 F.3d at 662-63. The Court finds that, under the circumstances, exercising its discretion to revisit the Court's April 29, 2020 order, is not warranted.

**CONCLUSION**

For the foregoing reasons, GE's motion to compel, Docket Entry No. 87, is denied.

Dated: New York, New York
December 14, 2020

SO ORDERED:

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE