UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GENERAL ELECTRIC COMPANY,                 :

       Plaintiff/Counterclaim Defendant,    :

       v.                                    :

APR ENERGY PLC,                           :

       Defendant/Counterclaim Plaintiff.    :   **MEMORANDUM AND ORDER**
------------------------------------------------------------X
APR ENERGY HOLDINGS LIMITED, POWER        :   19-CV-3472 (VM) (KNF)
RENTAL OP CO AUSTRALIA LLC, AND
POWER RENTAL ASSET CO TWO LLC,            :

       Third-Party Plaintiffs,              :

       v.                                    :

GENERAL ELECTRIC COMPANY,                 :

       Third-Party Defendant.               :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      By a letter-motion dated December 18, 2020, APR Energy PLC ("APR") seeks to compel General Electric Company ("GE") "to provide APR with permission to search the Personal Property Securities Register ('PPSR') of Australia, Canada, and New Zealand for registration of security interests by or on behalf of GE's Energy Rental Business prior to October 28, 2013, and the necessary information to do so." Docket Entry No. 113.

*APR's Contentions*

      APR contends that the information sought is relevant to its "claim that GE breached Section 5.01 of the BTA" requiring GE to "'conduct the [rental] Business in the ordinary course' through the closing date." APR "asserts that it was part of GE's ordinary course of business to

1

register security interests by, or on behalf of, GE's rental business," but GE "failed to register its security interest in the Forge Turbines on the PPSR." According to APR, GE's Federal Rules of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") witness, Kent Shoemaker ("Shoemaker"), testified that "GE had no practice or policy of registering security interests over assets leased by the Business," but "that testimony was based solely upon Mr. Shoemaker's recollection of GE's practices years ago and upon his conversations with two US lawyers, one of whom had nothing to do with the Business," and he "conceded that he did not know about registrations in Australia, or in Canada or New Zealand—two countries with registration regimes most like Australia—and that he had never conducted a search of the registries of those countries." According to APR, Shoemaker testified that "local counsel or local business representatives could have been registering interests in those jurisdictions and that the way to answer the question would be to search the registers." Moreover, GE's executive, Aman Joshi ("Joshi"), "gave testimony that explained why Mr. Shoemaker's knowledge was limited. Specifically, GE handles non-US compliance and legal issues through persons with expertise in the relevant jurisdictions."

***GE's Contentions***

GE asserts that APR's request seeks irrelevant information because "APR's 30(b)(6) topics sought information pertaining to the practice and policies of GE regarding the perfection of security interests over assets *owned by the 'Business'* (meaning GE's energy rental business, as defined in APR's notice), and GE provided that information" when Shoemaker "testified repeatedly that GE had 'no practice or policy' regarding the perfection of security interests over assets owned by the Business and leased to third parties." To prepare for his testimony, Shoemaker conferred "with the only other counsel at the Business who, in addition to Mr. Shoemaker, would have been responsible for registering any Business security interests on any

personal property securities registry in the world." When asked "whether local counsel *could* have perfected a security interest," which was outside the scope of the Rule 30(b)(6) topic, Shoemaker stated: "I have no idea." Although APR inquired of "Joshi about GE's legal entities staying compliant with local jurisdictions," he "testified that he had no 'personal knowledge as to how that compliance is ensured.'" Moreover, APR's request would be futile because no entity by the name "GE Energy Rental Business" exists, and "GE's expert on the Australian PPSR testified that it is not even possible to search the PPSR by the name of a secured party, but only by the name of a security interest's grantor"; thus, the search "would be fruitless, burdensome, and serves only to pester GE."

*Legal Standard*

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Motions to compel under Fed. R. Civ. P. 37 "are entrusted to the sound discretion of the district court." U.S. v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

*Application of Legal Standard*

APR's request that GE "provide APR with permission to search the Personal Property Securities Register ('PPSR') of Australia, Canada, and New Zealand for registration of security interests by or on behalf of GE's Energy Rental Business prior to October 28, 2013, and the

necessary information to do so" was made during Shoemaker's testimony responsive to the Rule 30(b)(6) notice Topic No. 1, seeking "The practice and policies of General Electric Company, Sellers, GE Entities, and the Business, prior to October 28, 2013, regarding the perfection of security interests over assets owned by the Business and leased to third parties."  A review of the Rule 30(b)(6) notice and transcripts referenced by the parties in their December 18, 2020 letter, demonstrates that: (a) Shoemaker testified repeatedly that GE had "no practice or policy" regarding the perfection of security interests over the assets owned by the Business and leased to third parties; (b) to prepare for his testimony, Shoemaker conferred with "Brian Kay in Houston," the only other attorney "for that business since 2008 timeframe," who confirmed that GE had no practice or policy regarding the perfection of security interests over the assets owned by the Business and leased to third parties, as well as Constance Rodts, GE's attorney based in Atlanta who has "been around for a while" because "the business prior to 2008 was actually in another group of GE, so we were looking to see if anybody knew what was done prior to 2008," as "Brian and I had never done it before . We had no practice or policy on this"; (c) when asked "[c]ould local counsel or some other agent have perfected a security interest in one of those [unidentified] countries," to which GE's counsel objected properly because the question was outside the scope of Topic No. 1, Shoemaker stated "I have no idea"; and (d) when asked "[a]nd the way to find out if they did would be to check the registries, right?," to which GE's counsel objected properly because the question was outside the scope of Topic No. 1, Shoemaker responded "Presumably."  Since Topic No. 1 did not seek information about GE's compliance with the laws of foreign jurisdictions, APR's questions concerning it and Shoemaker's speculating on whether local counsel could have perfected a security interest in compliance with local laws or how that could be determined are irrelevant and beyond the scope of Topic No. 1.

Since APR "asserts that it was part of GE's ordinary course of business to register security interests by, or on behalf of, GE's rental business," but GE "failed to register its security interest in the Forge Turbines on the PPSR," and Shoemaker testified repeatedly that GE had "no practice or policy" regarding the perfection of security interests over the assets owned by the Business and leased to third parties, the Court finds that APR's request, that GE "provide APR with permission to search the Personal Property Securities Register ('PPSR') of Australia, Canada, and New Zealand for registration of security interests by or on behalf of GE's Energy Rental Business prior to October 28, 2013, and the necessary information to do so," is entirely irrelevant, including, in particular, any request concerning searches of the PPSR of Canada and New Zealand, which have no bearing on any claims or defenses in this action.

*Conclusion*

For the foregoing reasons, APR's letter-motion, Docket Entry No. 113, is denied.

Dated: New York, New York  SO ORDERED:
      January 11, 2021

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

5