UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GENERAL ELECTRIC COMPANY,                         :

        Plaintiff/Counterclaim Defendant,     :

             v.                         :

APR ENERGY PLC,                                   :

        Defendant/Counterclaim Plaintiff.     :          **ORDER**
-------------------------------------------------------------X
APR ENERGY HOLDINGS LIMITED, POWER     :          19-CV-3472 (VM) (KNF)
RENTAL OP CO AUSTRALIA LLC, AND
POWER RENTAL ASSET CO TWO LLC,         :

        Third-Party Plaintiffs,               :

             v.                         :

GENERAL ELECTRIC COMPANY,                         :

        Third-Party Defendant.                :
-------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By a letter-motion dated October 26, 2021, plaintiff General Electric Company ("GE")

seeks to compel defendant APR Energy PLC ("APR") "to produce APR's March 22, 2019 reply

position paper" because APR failed to: (i) produce it in contravention of the Court's April 29,

2020 order; and (ii) "properly disclose documents as being withheld."  GE asserts:

> Counsel for GE recently discovered in preparation for the February 2022 trial that,
> on March 22, 2019, APR and Baker also exchanged reply position papers.
> However, GE did not find any such reply papers in APR's productions, nor did it
> locate them in APR's privilege log. When this deficiency was raised with APR,
> APR claimed that the reply papers were listed at APR privilege log entry #12678.
> However, the cited entry claims attorney-client and attorney work product
> privileges, not the mediation privilege, and simply lists as its description: "Email
> from APR General Counsel, Joseph DiCamillo, circulating mediation position
> papers." See Dkt. No. 67-1 at 1945. Nothing in this description signals the existence
> of any reply papers, and in any event, this entry is dated April 5, 2019,

approximately two weeks after the exchange of the reply papers – an exchange that appears nowhere in APR's privilege log. . . .  APR makes no effort to excuse its misclassification of the nature of the claimed privilege over the reply paper on the privilege log or the fact that the entry itself is unclear as to whether it is circulating opening or reply mediation papers. Nor does APR attempt to explain why the opening papers were properly produced but the reply paper should be withheld. APR simply refuses to produce the identified reply paper because it claims the request is untimely.

APR asserts:

GE's request is untimely. Discovery in this case closed on December 4, 2020. GE had months to bring any challenges to APR's privilege log after receiving it on April 15, 2020. By May 2020, APR had produced to GE emails that referred to the mediation replies. Yet GE never inquired about those replies. Instead, it waited until months after the close of discovery to demand, in reliance on emails referring to the mediation replies that it had had in its possession for over a year, that APR produce those replies. . . . GE's request also fails on the merits. APR's mediation reply paper is not within the scope of the Court's April 29, 2020 order. The Court there held that New York does not recognize a mediation privilege and granted GE's motion to compel documents withheld under the mediation privilege. (Dkt. 72.) APR had asserted only the mediation privilege over its mediation opening paper, and therefore produced it in response to the Court's April 29, 2020 order. But the APR mediation reply paper that GE now seeks was withheld under the attorney-client privilege and the work-product protection, not the mediation privilege. While GE now contends that the privilege log description was not specific enough, it put GE on notice that the withheld email contained mediation position papers, and was not limited to opening position papers. If there were any doubt, GE could have inquired during discovery.

It is undisputed that item No. 12678 in the privilege log demonstrates under the rubric:

(1) "Privilege Designation" that information is withheld pursuant to "Attorney Work Product; Attorney Client Communication"; and (2) "Privilege Description" that the information withheld contains "Email from APR General Counsel, Joseph DiCamillo, circulating mediation position papers.  Documents are protected under Uniform Mediation Act as adopted in Illinois and Florida."  Docket Entry No. 67-1.  GE does not identify the date on which it discovered that "on March 22, 2019, APR and Baker also exchanged reply position papers," but asserts it "recently discovered [it] in preparation for the February 2022 trial."  GE failed to explain what, if

anything, prevented it from: (a) discovering prior to its recent "preparation for the February 2022 trial" that "on March 22, 2019, APR and Baker also exchanged reply position papers"; and (b) challenging item No. 12678 in the defendant's privilege log timely prior to the close of discovery on December 18, 2020, see Docket Entry No. 110, given that the information withheld is referenced in the plural form "mediation papers" without identifying the papers and where, as APR asserts and GE does not dispute, "[b]y May 2020, APR had produced to GE emails that referred to the mediation replies.  Yet GE never inquired about those replies."

In the circumstance of this case, the Court finds that: (1) GE's request to compel production of information listed as item No. 12678 in the privilege log; and (2) any challenge to item No. 12678 in the privilege log are untimely.  The plaintiff's letter-motion to compel, Docket Entry No. 184, is denied.

Dated: New York, New York
      October 27, 2021

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE