USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENERAL ELECTRIC COMPANY,

    Plaintiff/Counterclaim Defendant,

    -against-

APR ENERGY PLC,

    Defendant/Counterclaim Plaintiff,

---

APR ENERGY HOLDINGS LIMITED, POWER RENTAL OP CO AUSTTRALIA LLC, AND POWER RENTAL ASSET CO TWO LLC,

    Third-Party Plaintiffs,

    -against-

GENERAL ELECTRIC COMPANY,

    Third-Party Defendant.

---

**19 Civ. 3472 (VM)**

**DECISION & ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff General Electric Company ("GE") brought this action for breach of contract against defendant APR Energy plc ("APR Energy"). (See Dkt. No. 1.) APR Energy answered the Complaint and, together with APR Energy Holdings Limited, Power Rental OpCo Australia LLC, and Power Rental Asset Co Two LLC (collectively with APR Energy, "APR") asserted counterclaims for breach of contract and breach of warranty. (See Dkt. No. 22.)

1

The parties have engaged in discovery regarding their claims. Now pending before the Court is GE's objection, pursuant to Federal Rule of Civil Procedure 72(a), (see "Objection" or "Obj.," Dkt. Nos. 188, 190), to Magistrate Judge Nathaniel Fox's order, dated October 27, 2021, (see "Order," Dkt. No. 185), denying GE's motion to compel additional document discovery. For the reasons discussed below, the Order is affirmed, and GE's Objection is **OVERRULED**.

## I. BACKGROUND

The Court assumes familiarity with the extensive factual and procedural background addressed in the Court's prior Decision and Order regarding the parties' motions for summary judgment. (See Dkt. 178.)

A. DISCOVERY DISPUTE

To provide context for the current dispute, the Court begins with an earlier discovery dispute. On January 7, 2020, GE moved to compel APR to produce documents related to APR's malpractice suit against Baker & McKenzie ("Baker"). (See Dkt. No. 40.) GE specifically sought, among other things, documents related to a mediation between APR and Baker, which APR withheld as protected under the mediation privilege. (See id. at 17.) On April 29, 2020, Magistrate Judge Fox ruled on GE's motion and found that the mediation privilege does not exist under New York law. (See "April 29 Order," Dkt. No. 72

at 16.) Magistrate Judge Fox then ordered APR to produce documents regarding the Baker mediation that were responsive to GE's Document Requests Nos. 1-3. (See id.)

In accordance with the April 29 Order, on May 22, 2020, APR produced an additional 163 documents that totaled 1,142 pages ("May 22 Production"). (See "Byars Decl.," Dkt. No. 197 ¶ 2 (stating documents produced were in the Bates range APR0160725 to APR0161867).) Among the documents produced was a position paper, dated March 4, 2019, that APR submitted during the Baker mediation. (See Obj. at 3.) APR also produced an email chain between counsel for Baker and APR, dated from February 20 to March 4, 2019 ("Baker Email Chain"), in which the attorneys in the matter discussed a mediation briefing schedule. (See Byars Decl. Ex. 2, Dkt. 197-1 (Bates range APR0161003 to APR0161008).) As relevant here, two messages in the Baker Email Chain indicated that APR and Baker would exchange reply position papers on March 22, 2019. (See id. (Bates APR0161003 and APR0161005).) After the May 22 Production, APR and GE continued with discovery until it closed on December 18, 2020. (See Dkt. No. 110.)

GE ultimately uncovered the Baker Email Chain while it was preparing for trial. (See Obj. at 4.) GE did not, however, find any reply position papers in the May 22 Production. (See id. at 3-4.) On August 13, 2021, GE raised the issue with APR

3

by letter. (See "Falk Decl." Ex. 4, Dkt. No. 189-2.) APR responded on August 20, 2021, with two principal arguments. (See Falk Decl. Ex. 5, Dkt. 189-3.) First, the reply position papers are listed on APR's privilege log at item No. 12678 ("Item 12678"), where APR asserted attorney-client privilege and attorney work product protection over this document. (See id.) Second, GE's request is untimely since fact discovery closed in December 2020 and GE had ample opportunity to challenge APR's assertions of privilege. (See id.) The parties exchanged additional letters in which they largely reiterated their positions. (See Falk Decl. Exs. 6-7, Dkt. Nos. 189-4, 189-5.) After these exchanges, GE did not immediately move to compel production of Item 12678 because shortly thereafter "the parties agreed to attempt mediation – which, if successful, would have resolved APR's claim and mooted the production issue." (Obj. at 5.) The mediation between GE and APR took place on October 13, 2021, but the parties were unable to resolve this dispute. (See id.)

B. PROCEDURAL HISTORY

On October 26, 2021, GE filed a motion to compel APR to produce Item 12678 and to challenge APR's privilege designation of the document. (See "October 26 Motion," Dkt. No. 184.) Pursuant to Magistrate Judge Fox's Individual Rules, GE submitted a two-page joint letter with APR that

4

briefly described the dispute. (See id.; Obj. at 5.) On October 27, 2021, Magistrate Judge Fox issued the Order denying the October 26 Motion. (See Order at 3.) Magistrate Judge Fox noted that GE failed to explain what prevented GE from:

> (a) discovering prior to its recent "preparation for the February 2022 trial" that "on March 22, 2019, APR and Baker also exchanged reply position papers"; and (b) challenging item No. 12678 in the defendant's privilege log timely prior to the close of discovery on December 18, 2020, . . . given that the information withheld is referenced in the plural form "mediation papers" without identifying the papers and where, as APR asserts and GE does not dispute, "[b]y May 2020, APR had produced to GE emails that referred to the mediation replies. Yet GE never inquired about those replies."

(Order at 3 (quoting October 26 Motion at 1, 2).) Magistrate Judge Fox therefore found that GE was untimely in (1) moving to compel production of Item 12678, and (2) challenging the privilege designation of Item 12678. (See id.)

On November 10, 2021, GE filed its Objection to the Order. (See Obj.) GE argues that the Order is contrary to law because (a) Magistrate Judge Fox applied the wrong standard of review, and (b) Magistrate Judge Fox did not evaluate whether APR met its burden to show that Item 12678 is privileged. (See Obj. at 6-10.) GE separately argues that the Order is clearly erroneous because Magistrate Judge Fox did not consider facts that GE argues "demonstrate APR's improper

5

actions and GE's diligence in seeking to correct them." (Obj. at 12.) On November 24, 2021, APR filed its opposition to the Objection, (see Dkt. No. 198), and, on December 3, 2021, GE filed its reply, (see Dkt. No. 204).

## II. LEGAL STANDARD

Under Rule 72(a), a district court evaluating a magistrate judge's order regarding an issue that is not dispositive of a claim or defense may set aside or modify the magistrate judge's findings and conclusions so long as the factual and legal bases supporting the ruling are not "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a); NIKE, Inc. v. Wu, 349 F. Supp. 3d 346, 352 (S.D.N.Y. 2018). "Pretrial discovery matters, 'including those regarding privilege issues, are nondispositive matters.'" Gruss v. Zwirn, No. 09 Civ. 6441, 2013 WL 3481350, at *5 (S.D.N.Y. July 10, 2013) (quoting Eisai Ltd. v. Dr. Reddy's Labs., Inc., 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005)). "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (quoting Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002)). A magistrate judge's order is contrary to law if "it fails to apply or misapplies relevant statutes, case law or rules of

procedure." Id. (quoting MacNamara v. City of New York, 249 F.R.D. 70, 77 (S.D.N.Y. 2008)).

"Magistrate judges are given broad latitude in resolving discovery disputes, including questions of privilege." Gruss, 2013 WL 3481350, at *5 (quoting Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)). "Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion." Eastwood v. City of New York, No. 05 Civ. 9483, 2009 WL 3459206, at *2 (S.D.N.Y. Oct. 27, 2009) (quoting Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988)). "[T]hat reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." Tiffany & Co. v. Costco Wholesale Corp., No. 13 Civ. 1041, 2013 WL 5677020, at *1 (S.D.N.Y. Oct. 18, 2013) (second alteration in original) (internal quotation marks omitted). An "objector thus carries a heavy burden" when seeking to overturn a magistrate judge's ruling. Khaldei, 961 F. Supp. 2d at 575.

### III. DISCUSSION

A. THE ORDER IS NOT CONTRARY TO LAW

    1. Modifying A Scheduling Order

GE first argues that the Order is contrary to law because Magistrate Judge Fox did not apply the proper standard for modifying a scheduling order that would allow GE to seek production of Item 12678. (See Obj. at 6.) Pursuant to Federal Rule of Civil Procedure 16, a court may modify a scheduling order only for "good cause." Fed. R. Civ. P. 16(b)(4). When determining whether "good cause" exists, "the *primary* consideration is whether the moving party can demonstrate diligence." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007) (emphasis added). Some courts have considered additional "good cause" factors at their own discretion, but the "[a]pplication of these [additional] factors is not mandatory and some courts choose not to consider them." Forte v. City of New York, No. 16 Civ. 560, 2021 WL 878559, at *2 (S.D.N.Y. Mar. 8, 2021); Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc., 335 F.R.D. 50, 52 (S.D.N.Y. 2020) ("In some situations, courts do not apply these factors and we do not believe their application to be mandatory.").

In essence, to establish good cause, a movant must show that, "despite its having exercised diligence, the applicable

deadline [set in the court's scheduling order] could not reasonably have been met." Liverpool v. City of New York, No. 18 Civ. 1354, 2020 WL 3057466, at *2 (S.D.N.Y. June 9, 2020) (alternation in original). A court may deny additional discovery where the movant "had ample time in which to pursue the discovery that it now claims is essential." Burlington Coat Factory Warehouse Corp. v. Espirt De Corp., 769 F.2d 919, 927 (2d Cir. 1985). Moreover, "[w]here a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." Gucci Am., Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011).

Preliminarily, the Court is unpersuaded by GE's argument that the Order is contrary to law because Magistrate Judge Fox "disregarded other highly relevant factors demonstrating good cause." (Obj. at 7.) While some courts have considered additional "good cause" factors, courts are not required to include them in the analysis. See Forte, 2021 WL 878559, at *2; Saray Dokum, 335 F.R.D. at 52. Magistrate Judge Fox therefore did not fail to apply or misapply any relevant statute, case law, or rule of procedure by not considering these additional factors. See Khaldei, 961 F. Supp. 2d at 575. While GE may believe it has a compelling argument under additional "good cause" factors, the Order was not contrary

9

to law merely because Magistrate Judge Fox did not specifically evaluate those factors.

As for its diligence in filing the October 26 Motion, GE explains that it did not move to compel production of Item 12678 earlier because "APR failed to properly disclose the existence of the reply paper and misclassified the nature of the claimed privilege over the reply paper in APR's privilege log." (Obj. at 10.) GE asserts it had "no reason to challenge the privilege log entry [for Item 12678] . . . because, on its face, the entry appeared to concern APR's and Baker's opening position papers and APR, in fact, produced its opening position paper." (Id. at 6.) The Court first notes that GE is undoubtedly to blame for delaying the October 26 Motion an additional two months, given that it chose to refrain from filing the Motion before the parties entered mediation on October 13, 2021. (See Obj. at 5.)

Regardless, GE possessed the Baker Email Chain for just over seventeen months prior to filing the October 26 Motion. (See Byars Decl. ¶ 2; Byars Decl. Ex. 2 (Bates APR APR0161003).) The Baker Email Chain was one of 163 documents that APR produced on May 22, 2020, after GE specifically moved to compel production. (See Byars Decl. ¶ 2.) GE's explanation that it had "no reason to challenge" the privilege designation of Item 12678 does not adequately address why GE did not

10

examine these documents before discovery closed and conclude at that time – as it apparently did while preparing for trial – that APR failed to produce Item 12678 or improperly designated it as privileged. (See Order at 3.) Put another way, GE's explanation merely reframes its failure to identify Item 12678 earlier, even though it had reason to know about the document since May 22, 2020.

The Court agrees with Magistrate Judge Fox that GE failed to address what prevented it from identifying Item 12678 sooner and filing a timely motion to compel its production. (See id.) GE's failure to file a timely motion demonstrates that it lacked diligence in conducting discovery and complying with the discovery scheduling order. See Gucci Am., 790 F. Supp. 2d at 140-41 (denying request to reopen discovery where "many of the documents [movant] has submitted in support of its request were made available well before the . . . fact discovery deadline"). On these facts, the Court finds that Magistrate Judge Fox conducted the proper "good cause" analysis when determining that GE failed to exercise diligence in complying with the Court's scheduling order.

2. Privilege Designation of Item 12678

GE next argues that the Order is contrary to law because Magistrate Judge Fox "failed to evaluate whether APR validly asserted privilege with respect to the reply paper." (See

11

Obj. at 9.) But the Order is not contrary to law just because it did not analyze the merits of GE's underlying claim. See Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A., No. 02 Civ. 0795, 2005 WL 551092, at *2 (S.D.N.Y. Mar. 9, 2005) ("There is nothing in the language of Rule 72(a) to support [movant's] claim that [the magistrate judge's] ruling is inadequate because he did not reach the merits of defendant's argument."). "The suggestion that enforcement of procedural rules and deadlines is not a sufficient reason to deny [a movant's] request is without merit." Id. Given that magistrate judges have broad discretion to resolve discovery disputes, Magistrate Judge Fox's decision to enforce discovery deadlines, without consideration of the privilege designation of Item 12678, falls short of the contrary to law standard needed to overturn the Order. See Lyondell, 2005 WL 551092, at *2; Winter-Wolff Int'l, Inc. v. Alcan Packaging Food & Tobacco Inc., No. 05 Civ. 2718, 2007 WL 9719244, at *3 (E.D.N.Y. 2007) (finding that magistrate judge's "decision to privilege the enforcement of discovery deadlines over [plaintiff's] arguments falls woefully short" of an abuse of discretion).

For the reasons stated above, the Court finds that the Order is not contrary to law because Magistrate Judge Fox applied the correct "good cause" standard and properly

exercised his discretion in enforcing the discovery deadlines in this case. Accordingly, the Order is not contrary to law.

B. THE ORDER IS NOT CLEARLY ERRONEOUS

GE's final argument is that the Order is clearly erroneous because Magistrate Judge Fox failed to consider the operative facts when finding that GE "failed to explain" why it did not identify Item 12678 and file the October 26 Motion sooner. (See Obj. at 10-12.) As noted earlier, GE explains that it was prevented from filing the October 26 Motion sooner because "APR failed to properly disclose the existence of the reply paper and misclassified the nature of the claimed privilege over the reply paper in APR's privilege log." (Id. at 10.)

Contrary to GE's contention, Magistrate Judge Fox did consider the operative facts at issue. The Order notes that GE sought to compel production of Item 12678 because "APR failed to (i) produce it in contravention of the [April 29 Order]; and (ii) 'properly disclosure documents as being withheld.'" (Order at 1 (quoting Oct. 26 Mot. at 2).) Magistrate Judge Fox further noted that GE had only "recently discovered" that Item 12678 was not produced, and that nothing in the privilege log entry for Item 12678 "signals the existence of any reply papers." (Id. (quoting Oct. 26 Mot. at 1).) Lastly, Magistrate Judge Fox recognized GE's argument

13

that "APR makes no effort to excuse its misclassification of the nature of the claimed privileged over [Item 12678] on the privilege log or the fact that the entry itself is unclear as to whether it is circulating opening or reply mediation papers." (Id. (quoting Oct. 26 Mot. at 1).)

After considering the facts and arguments, the Court finds no ground to support a definite and firm conviction that Magistrate Judge Fox committed an error. See Khaldei, 961 F. Supp. 2d at 575. Magistrate Judge Fox considered the facts at issue and found, as this Court did above, that GE failed to clarify why it did not examine the May 22 Production before discovery closed and realize then that APR allegedly improperly designated Item 12678 as privileged. GE's explanation that APR did not properly disclose Item 12678 and misclassified it as privileged just papers over GE's own failure to identify Item 12678 when it had reason to know about the document since May 22, 2020. The Court therefore finds that the Order is not clearly erroneous as GE contends.

## I. ORDER

For the reasons stated above, it is hereby

**ORDERED** the objection from plaintiff/counterclaim defendant General Electric Company ("GE") (Dkt. Nos. 188, 190) to the order of Magistrate Judge Fox denying GE's motion to compel is **OVERRULED.**

**SO ORDERED.**

Dated:   December 22, 2021
         New York, New York

_____
Victor Marrero
U.S.D.J.